IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

ERIC A. WOODRUM,

      Appellant,

v.

      Case No.  5D23-1081
      LT Case No. 2014-CF-478

STATE OF FLORIDA,

      Appellee.
_____/

Decision filed April 28, 2023

3.850 Appeal from the Circuit Court
for Putnam County,
James R. Clayton, Judge.

Eric A. Woodrum, Chipley, pro se.

Ashley Moody, Attorney General,
Tallahassee, and Daniel P. Caldwell,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      AFFIRMED.


MAKAR and HARRIS, JJ., concur.
LAMBERT, C.J., concurs, with opinion.

LAMBERT, C.J., concurring.                    Case No. 5D23-1081
                                              LT Case No. 2014-CF-478

More than six years after his judgment and sentence for second-degree murder following a no contest plea became final, Appellant filed a "Second or Successive Motion for Postconviction Relief" under Florida Rule of Criminal Procedure 3.850(h).  Appellant did not allege in his motion that his trial counsel was ineffective; instead, he contended that his co-defendants' changing testimonies evidenced that a fraud was being or had been committed on the court by the time that he tendered his no contest plea.  Appellant asserted that such behavior justified the vacating of his judgment and sentence at this late date.

The postconviction court summarily denied the motion for being "conclusory, incoherent, and without merit."  Appellant's sole argument on appeal is that this denial order must be reversed because the court's failure to attach any records to its order violates the mandatory requirements under subsection (h)(2) of the rule.

In its entirety, rule 3.850(h)(2) provides:

> A second or successive motion is an extraordinary pleading.  Accordingly, a court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the defendant or the attorney to assert

2

those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion. When a motion is dismissed under this subdivision, a copy of that portion of the files and records necessary to support the court's ruling shall accompany the order denying the motion.

Although not directly utilized by the court below, this subsection provides trial judges with an expedited route and procedure to summarily dismiss or deny many second or successive rule 3.850 motions without having to substantively address the merits of the motion. Here, the postconviction court could have readily dismissed or denied Appellant's motion with a finding that no good cause exists why the new grounds raised in this successive motion could not have been asserted in Appellant's earlier unsuccessful rule 3.850 motions, provided that the court then attached record documents showing that these new grounds differed from those alleged in an earlier motion.

Nevertheless, I agree with the majority's summary affirmance of the lower court's denial order. On its face, the motion was filed well past the two year filing requirement of rule 3.850. Appellant alleged no grounds to fall within one of the three exceptions under rule 3.850(b)(1)–(3) that allows for the filing of the motion for postconviction relief more than two years after the judgment and sentence became final. Additionally, rule 3.850(a)(1)–(6) sets

3

forth the claims that may be asserted for postconviction relief from the judgment, none of which was specifically raised in the motion.